J-S02003-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAKUR D. GANNAWAY | : | |
| | : | |
| Appellant | : | No. 941 MDA 2022 |

Appeal from the PCRA Order Entered June 13, 2022
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0003906-2009

BEFORE:  PANELLA, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED: JUNE 1, 2023**

Shakur D. Gannaway appeals, *pro se*, from the order dismissing his timely petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Gannaway asserts the PCRA court committed 12 distinct errors. After careful review, we affirm.

Gannaway was convicted of armed robbery and related charges in 2010 and sentenced to fifteen to thirty years' incarceration. The post-sentence procedural history of this case, in contrast, is lengthy and complicated.

However, for purposes of this appeal, that history can be summarized as follows. Following Gannaway's conviction he was represented by a series of attorneys. Despite this, Gannaway failed to receive direct appellate review of his judgment of sentence, despite having those rights restored *nunc pro tunc* through the filing of a previous PCRA petition.

As a result, Gannaway subsequently had his direct appeal rights reinstated through a federal *habeas corpus* petition. He then filed a direct appeal to this Court in which he challenged the admissibility of his identification at trial and the weight and sufficiency of the evidence for his conviction. **See Commonwealth v. Gannaway**, 1000 MDA 2019 (Pa. Super. filed Nov. 9, 2020) (unpublished memorandum). The prior panel of this Court found Gannaway's claims to be meritless. **See id**.

Gannaway filed the instant PCRA Petition *pro se* on October 20, 2020. Counsel was appointed and filed a **Turner**/**Finley**[1] letter along with a motion to withdraw. Counsel was permitted to withdraw and the PCRA court subsequently dismissed his petition in an order dated June 8, 2022, and docketed on June 13, 2022. Gannaway filed a *pro se* Notice of Appeal to this Court on June 30, 2022.

Gannaway's Notice of Appeal purported to be taken from an order of May 8, 2022. **See** Notice of Appeal IFP Docketed, 7/5/2022. This Court issued a rule to show cause indicating the referenced order did not exist and directing Gannaway to explain why his appeal should not be quashed as taken from an

---

[1] Counsel petitioning to withdraw from PCRA representation is required to proceed under **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). Counsel must review the record, submit a "no-merit" letter to the PCRA court which evaluates the issues the petitioner wishes to address and explains their lack of merit, request permission to withdraw, and send the "no-merit" letter and petition to withdraw to their client along with an explanation of their right to proceed *pro se*.

order not properly docketed or alternatively, as untimely. **See** Rule to Show Cause, 7/28/2022. Gannaway filed a lengthy response, including the order he intended to appeal from. **See** Response to Rule to Show Cause, 8/8/2022. The issue was referred to this panel. **See** Order Discharging Rule to Show Cause, 8/24/2022. After reviewing Gannaway's response and the record, we find that he made an error in listing the order date as May 8, 2022, and intended to appeal from the dismissal dated June 8, 2022, and docketed June 13, 2022. We decline to quash on these grounds and accept this appeal as properly filed.

After filing his brief, Gannaway filed four applications for relief, on October 17, 2022, November 7, 2022, December 5, 2022 and January 13, 2023, and three reply briefs on November 15, 2022, December 9, 2022, and January 5, 2023.

We will address Gannaway's reply briefs first. Our Rules of Appellate Procedure provide that a reply brief must be served and filed within 14 days of the preceding brief. **See** Pa.R.A.P. 2185(a)(1). The Commonwealth filed its appellee's brief on October 24, 2022. Therefore, all three reply briefs are untimely. Further, a reply brief may only contain responses to issues raised in the preceding brief and not already addressed in the initial brief. **See** Pa.R.A.P. 2113(a). After reviewing Gannaway's reply briefs, it is clear that they do not respond to the Commonwealth's brief and simply contain recitations of his originally briefed arguments.

Turning to Gannaway's applications for relief, we note that this Court entered an order granting his December 5, 2022 application for relief, allowing Gannaway to exceed the page limits for his reply briefs filed November 15, 2022, and December 9, 2022. *See* Order 12/23/2022. The two prior applications for relief were deferred for disposition by this panel. *See* Order 10/19/2022; Order 12/23/2022.

Gannaway's October 17, 2022 application for relief requests his immediate release and financial compensation because his criminal complaint was not signed by a judge. This issue is addressed in his brief and the application for relief is denied. The application for relief filed November 7, 2022, simply restates some of Gannaway's issues on appeal and focuses on the relief he believes he is due pursuant to the ruling on his *habeas corpus* petition. This application for relief is denied. The final application for relief, filed January 13, 2023, is in fact titled as a brief and, pursuant to Pa.R.A.P. 2185(a)(1), is untimely. The arguments in this reply brief do not address any new issues raised by the Commonwealth and instead repeat claims raised in Gannaway's initial brief.

Proceeding to the substance of Gannaway's appeal, we recognize that his brief is mostly comprised of a combination of prior filings from his federal *habeas corpus* proceeding and his direct appeal and the points made in these filings were addressed in those proceedings. Gannaway's "Statement of Questions Presented" includes fourteen points, mostly in a narrative form that

does not clearly indicate the issue raised on appeal. ***See*** Appellant's Brief at 3-4. We have numbered and summarized Gannaway's issues, to the best of our ability to discern them, for ease of analysis:

1) The trial court erred in not dismissing the case due to a defective warrant/complaint;
2) The trial court erred in denying Gannaway's speedy trial motion;
3) The trial court erred in imposing an illegal sentence for robbery;
4) The trial court erred in failing to suppress Gannaway's identification;
5) The verdict was against the sufficiency and/or weight of the evidence;
6) All prior attorneys were ineffective for failing to raise meritorious issues;
7) Trial counsel was ineffective for failing to admit recanting correspondence from Gannaway's co-defendant;
8) Trial counsel was ineffective for failing to strike a juror who was prejudicial to Gannaway;
9) PCRA counsel was ineffective for failing to raise the issue of trial counsel's ineffectiveness;
10) The trial court erred in failing to find a violation of ***Batson***[2];
11) Trial counsel was ineffective for failing to object to the use of Gannaway's DNA;
12) The trial court erred in allowing counsel to withdraw;
13) There was insufficient evidence to convict Gannaway of first-degree robbery;
14) There was insufficient evidence to prove bodily injury and impose a consecutive sentence.

Before we begin our analysis, we note that Gannaway has included in his brief arguments relating to a separate, financial claim he wishes to bring against several people. ***See***, ***e.g.***, Appellant's Brief, at 3 (describing Gannaway's private criminal complaint alleging identity theft). The record

---

[2] ***Batson v. Kentucky,*** 476 U.S. 79 (U.S. 1986) (allowing criminal defendants to raise claims that peremptory challenges were used by the prosecution for purposeful discrimination in selecting jurors at the defendant's trial).

contains some correspondence regarding this claim, but as it does not relate to this PCRA petition, we will not address it.

When reviewing an order dismissing a PCRA petition we determine whether the record supports the PCRA court's finding and whether it is free of legal error. **See Commonwealth v. Staton**, 184 A.3d 949, 954 (Pa. 2018). We must view the record in a light most favorable to the prevailing party. **See id**.

We will address each of Gannaway's claims individually. However, we must note that Gannaway's brief is written with a repeating theme of his being owed relief due to the decision by the federal court to grant his *habeas corpus* petition. Gannaway was granted relief in the form of his *nunc pro tunc* direct appeal. To best address the merits of Gannaway's current appeal we have interpreted his claims in the posture of a PCRA proceeding. In its brief, the Commonwealth re-stated many of Gannaway's claims as ineffectiveness claims. While he does not phrase them this way in his brief, we agree that this is the best way to address them properly. However, we note that Gannaway's failure to properly frame his issues could constitute reason enough for them to fail, as claims of trial court error have either been previously litigated or waived at the PCRA stage. **See Commonwealth v. Reyes-Rodriguez**, 111 A.3d 775, 780 (Pa. Super. 2015).

Counsel is presumed effective and the person claiming ineffectiveness must prove otherwise. **See Commonwealth v. Koehler**, 36 A.3d 121, 178

- 6 -

(Pa. 2012). To succeed on a claim of ineffective assistance of counsel, a petitioner must plead and prove three things: "(1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." **Commonwealth v. Stultz**, 114 A.3d 865, 880 (Pa. Super. 2015) (citation omitted). If the petitioner fails to meet any one of these prongs, their claim fails. **See id**.

Gannaway's first issue focuses on the original criminal complaint in this case. Gannaway argues that the complaint was not signed by a judge and therefore the warrant and complaint were defective. **See** Appellant's Brief at 3. Even if we construe this as a claim challenging jurisdiction, we note that such a claim is waived because it was not raised prior to the conclusion of Gannaway's preliminary hearing. **See** Pa.R.Crim.P. 109. Further, if we construe this as a claim of trial counsel's ineffectiveness for failing to raise the objection at the proper time, we note that Gannaway presents this issue for the first time in his brief. It was not raised in his *pro se* PCRA petition or his Pa.R.A.P. 1925(b) Statement. This claim is therefore waived, as it was not raised in the PCRA court and issues may not be raised for the first time on appeal. **See Commonwealth v. Bedell**, 954 A.2d 1209, 1216 (Pa. Super. 2008).

We interpret Gannaway's second issue as a claim that trial counsel was ineffective for failing to file a Pa.R.Crim.P. 600, or "prompt trial" motion. **See**

Appellant's Brief at 3. Prior to his trial, Gannaway represented himself *pro se* and litigated several pretrial motions, including a Rule 600 motion. **See** N.T. 4/9/2010 at 97-99. That motion was denied. **See id**.

Gannaway was arrested on May 25, 2009, and trial began on May 24, 2010. The trial court was not concerned with categorizing the various pretrial continuances in the case as the trial took place under the 365-day mandate of Rule 600(A)(2)(a). **See id**.; **see also Commonwealth v. McCarthy**, 180 A.3d 368, 375 (Pa. Super. 2018) ("Rule 600 requires the Commonwealth to try a defendant within 365 days of the filing of the complaint." (citation omitted)).

Additionally, Gannaway cannot succeed on an ineffectiveness claim against his own *pro se* representation. **See Commonwealth v. Fletcher**, 986 A.2d 759, 774 (Pa. 2009). Even if we were to reach the merits of Gannaway's claim, we would find it to be factually incorrect, a Rule 600 motion was filed, and it failed. To the extent that Gannaway wishes to challenge the trial court's ruling on the motion, or a different counsel's failure to re-raise the issue, the underlying claim lacks arguable merit as Gannaway did not possess a valid claim under Rule 600 at the time of trial.

We frame Gannaway's third claim as one asserting ineffectiveness of trial counsel for failing to challenge the legality of his sentence for robbery. Gannaway's claim alleges that he was illegally sentenced to first degree

robbery and the sentencing guidelines and rules for merger were not considered. *See* Appellant's Brief at 3.

Gannaway was convicted of violating 18 Pa.C.S.A. §3701(a)(1)(ii): "A person is guilty of robbery if, in the course of committing a theft, he: threatens another with or intentionally puts him in fear of immediate serious bodily injury." The statute provides that this subsection be graded as a felony of the first degree. *See* 18 Pa.C.S.A. §3701(b)(1).

We discern his argument to mean that Gannaway believes his sentences for robbery and conspiracy should have merged. Gannaway was sentenced to 10 to 20 years' incarceration on the robbery conviction to run consecutive to 5 to 10 years' incarceration on his conviction for criminal conspiracy. Gannaway argues that the trial court abused its discretion in sentencing. *See* Appellant's Brief at 6. This claim is not developed as an ineffectiveness claim, however even if it was, there is no arguable merit to the underlying claim. Gannaway mentions 42 Pa.C.S.A. § 9765 which provides, "No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense." For sentencing purposes, the crime of conspiracy does not merge with the completed crime. *See Commonwealth v. Jacquez*, 113 A.3d 834, 838 (Pa. Super. 2015). Gannaway's sentences for robbery and conspiracy to commit robbery do not merge for sentencing and

prior counsel cannot be ineffective for failing to raise a meritless issue. **See Commonwealth v. Fetter**, 770 A.2d 762, 770 (Pa. Super. 2001).

Gannaway's fourth issue, that the trial court erred in failing to suppress the victim's identification of him from a lineup, was previously litigated. An issue is deemed previously litigated if the highest court where review was due as a matter of right has reviewed the issue on the merits. **See** 42 Pa.C.S.A. § 9544(a)(2). On direct appeal a panel of this Court reviewed the issue of whether the trial court erred by not suppressing the identification of Gannaway by the victim. **See Gannaway** 1000 MDA 2019 at *6-*10. This Court found that Gannaway had not established the identification was unreliable or the procedure used was unduly suggestive. **See id**. at *10. Therefore, even if construed as a claim of ineffectiveness of counsel, Gannaway's fourth issue merits no relief.

Gannaway's fifth issue is a mere statement that the verdict was against the weight and sufficiency of the evidence. On direct appeal, Gannaway raised the same boilerplate weight and sufficiency claim. **See id**. at 6. This Court found that Gannaway's argument was essentially a weight claim and that he failed to argue the sufficiency of the evidence. **See id**. at 11. The weight claim was previously litigated as the prior panel of this Court found the verdict to be reasonable and not shocking to the conscience. **See id**. at 12-13.

The generic sufficiency claim we are left with could be found waived, as it was not properly raised prior to this PCRA appeal. **See** 42 Pa.C.S.A.

§9544(b). Further, a sufficiency claim is waived when it does not specify the elements of the crime for which the evidence was insufficient to support the verdict. **See Commonwealth v. Manley**, 985 A.2d 256, 261-262 (Pa. Super. 2009).

Any sufficiency claims Gannaway raised during this PCRA appeal are arguably waived but we will address the arguable merit of the claim to address the possibility Gannaway intended to raise appellate counsel's ineffectiveness for failing to properly raise a sufficiency claim.

Though Gannaway's fifth issue raises a boilerplate sufficiency claim, his thirteenth and fourteenth issues go further to develop a claim so we will discuss the merits of those claims. Gannaway appears to claim that the record lacks sufficient evidence to prove he injured the victim or that the victim suffered any injury. **See** Appellant's Brief at 4.

As mentioned above, Gannaway was convicted under 18 Pa.C.S.A. §3701(a)(1)(ii) which requires the Commonwealth to prove that he either threatened serious bodily injury or put the victim in fear of such injury. Accordingly, Gannaway is mistaken that evidence of the victim's injuries is necessary to establish a violation of this statute.

Instead, as here, the Commonwealth can establish a violation by presenting evidence that Gannaway threatened serious bodily injury, even if no injury occurred. Serious bodily injury is defined as, "bodily injury which creates a substantial risk of death or which causes serious, permanent

disfigurement, or protracted loss or impairment of the function of any bodily member or organ". 18 Pa.C.S.A. § 2301.

Here, the victim testified that Gannaway and an associate entered the store where the victim worked, held him at gunpoint and stole the cash from the register. **See** N.T. 5/24/2010 at 31-33. He further testified that he complied with the robbery because he did not want to get shot. **See id**. The victim's testimony provided sufficient evidence to convict Gannaway. **See Commonwealth v. Alford**, 880 A.2d 666, 676 (Pa. Super. 2005) ("A factfinder is entitled to infer that a victim was in mortal fear when a defendant visibly brandished a firearm." (citation omitted)). While prior counsel did not properly raise these sufficiency claims, prior counsel cannot be held to be ineffective for failing to raise meritless claims. **See Commonwealth v. Fetter**, 770 A.2d 762, 770 (Pa. Super. 2001).

Gannaway's sixth issue addresses his belief that he was abandoned by his prior attorneys and takes issue with them each failing to raise the ineffectiveness of the prior attorney. **See** Appellant's Brief at 3-4. Gannaway again addresses his *habeas corpus* relief and seems to believe that entitles him to relief here. **See id**. Again, we note that Gannaway received relief for the prior ineffectiveness of counsel failing to bring his direct appeal. Otherwise, he fails to meaningfully develop any clear claims of ineffectiveness within this issue, and we find it waived. **See Commonwealth v. Natividad,** 938 A.2d 310, 333 (Pa. 2007).

We frame Gannaway's seventh issue as a claim of ineffective assistance of counsel for failing to introduce allegedly exculpatory correspondence. *See* Appellant's Brief at 4. Gannaway argues that his co-defendant, Rashad Bair's, aunt wrote him a letter in which she explains that her Bair knew Gannaway was innocent. *See Turner/Finley* Letter at 9. The record does not reflect when the letter was written, however it was notarized on January 16, 2011, approximately a year and a half after trial. *See id.* at Exhibit A.

Regardless of which prior counsel Gannaway believes should have introduced the letter, his claim lacks merit. To prove ineffectiveness for failure to call a witness Gannaway must prove the witness existed, was available to testify, counsel knew they existed, they were prepared and willing to testify, and the lack of testimony prejudiced him. *See Commonwealth v. Moore*, 860 A.2d 88, 99-100 (Pa. 2004). Gannaway has not proved these prongs, he has simply cited the existence of a letter authored by someone other than the potential witness.

First, we note the letter does not actually contain exculpatory statements. The letter references Bair believing a man named "Shaun" to be innocent, but does not identify any facts supporting this belief. *See Turner/Finley* Letter at 9. Second, the letter does not establish that Bair is willing to testify for Gannaway. *See id*.

This claim lacks any merit and again, counsel cannot be ineffective for failing to raise a meritless claim. **See Natividad,** 938 A.2d 310, 333 (Pa. 2007).

In his eighth issue Gannaway claims trial counsel was ineffective for failing to remove a juror who he believes prejudiced him at trial. **See** Appellant's Brief at 4. Gannaway claims in his PCRA petition that the juror, Iris Gonzalez, knew his ex-girlfriend. **See** PCRA petition, 11/20/2020. The trial record reflects that Gonzalez was seated as a juror but neither this connection nor any bias was acknowledged at jury selection. **See** N.T. 5/24/2010 (Voir Dire) at 16-42.

Gannaway had the right to a fair and impartial jury panel at trial. **See Commonwealth v. Davis**, 273 A.3d 1228, 1239 (Pa. Super. 2022). It is the responsibility of the trial court to conduct an adequate *voir dire* to secure such a panel. **See id**. Gannaway has not shown how Gonzalez' presence on the jury prejudiced him. It is not clear whether Gonzalez was familiar with Gannaway at all, he only alleges that she went to community college with his ex-girlfriend, he does not explain the extent of their interactions or if he ever met her himself. **See** Appellant's Brief at 4. Based on the tenuous nature of this connection, and the fact that there is no record that counsel was aware of the connection at all, counsel cannot be found ineffective for failing to raise the meritless issue. **See Fetter**, 770 A.2d 762, 770 (Pa. Super. 2001).

Gannaway's ninth claim suggests that prior counsel should have raised the issue of trial counsel's ineffectiveness and alleges that trial counsel was disbarred for ineffectiveness. *See* Appellant's Brief at 4. In fact, attorney Nicholas Stroumbakis was suspended for a six-month period in 2016 for failing to appear before the Disciplinary Counsel at a proceeding that was invoked due to his failure to file post-sentence motions and perfect an appeal for a client. *See Office of Disciplinary Counsel v. Stroumbakis*, No. 203 DB 2014 (Pa.). Stroumbakis' failure to file a direct appeal in Gannaway's case was rectified when Gannaway received relief in his federal *habeas corpus* proceeding in the form of a reinstated direct appeal. Gannaway has already received relief for this instance of Stroumbakis' ineffectiveness and this claim has been resolved. His ninth issue on appeal merits no relief.

We frame Gannaway's tenth issue as claiming trial counsel was ineffective for failing to raise a *Batson* challenge. *See* Appellant's Brief at 4. In this claim Gannaway references the first attempt at jury selection in this case, which did not result in a jury panel. At the second jury selection, the trial court explained:

> THE COURT: Mr. Stroumbakis, before we get started, I want to – I just saw something in my notes here. We were here April 12th and we started to pick – we started to pick a jury and we did not finish.
>
> And at the end of that, because we were not able to get 12 jurors, we did not go forward. And at that time you requested a mistrial, and I granted a mistrial. Technically it's not a mistrial. A mistrial doesn't occur until the jury is sworn in. So it was not a mistrial.

> I want the record to be clear on that. It simply was we started to pick a jury and we never finished picking a jury. So it's not even an issue of whether it's manifest necessity or not or what caused it.
>
> The point was, we were unable to get 12 people to say that they would give the Defendant a fair trial. So we continued it to today to bring in another panel. So that's why we're here today.

N.T. 5/24/2010 (Voir Dire) at 2-3. The record reflects no **Batson** challenge during either *voir dire*.

To establish ineffectiveness for failure to raise a **Batson** challenge, the petitioner must prove the prosecutor used peremptory strikes in a purposeful manner to racially discriminate against the defendant. **See Commonwealth v. Smith**, 17 A.3d 873, 892 (Pa. 2011). In order for us to adequately review such a claim, the petitioner must make a record which includes the race of the jury panel, the jurors stricken by the Commonwealth and those who were stricken by the defense. **See Commonwealth v. Simpson**, 66 A.3d 253, 262 (Pa. 2013). The record before us provides none of this information, and Gannaway does not even attempt to make claims regarding it other than PCRA counsel's assertion in his **Turner**/**Finley** letter that the first jury panel contained Black and Hispanic venirepersons while the second panel did not. **See Turner**/**Finley** letter at 11. Gannaway has shown no arguable merit to a **Batson** challenge and therefore his claim of ineffective assistance of counsel was properly rejected.

In his eleventh issue Gannaway claims trial counsel was ineffective for failing to object to the use of his DNA at trial. *See* Appellant's Brief at 4. Gannaway did not raise this issue in his PCRA petition or his Pa.R.A.P. 1925(b) statement. As such, PCRA counsel did not address it in his *Turner*/*Finley* letter and the PCRA court was unable to consider it in their decision. Further, Gannaway makes no attempt to develop the argument in his appellate brief. We are constrained to find this issue waived as it was not addressed in the PCRA court and no discernible argument has been raised on appeal. *See* *Bedell*, 954 A.2d 1209, 1216 (Pa. Super. 2008).

Gannaway's twelfth issue claims error in the PCRA court for his attorney being permitted to withdraw. *See* Appellant's Brief at 4. As we stated at the beginning of this review, PCRA counsel and the PCRA court complied with the *Turner*/*Finley* process when counsel withdrew. The PCRA court actually went beyond the requirements of *Turner*/*Finley* and ordered counsel to file a statement confirming he corresponded with Gannaway regarding all his potential issues and responding to Gannaway's response to the *Turner*/*Finley* letter. *See* Order 1/18/2022. Counsel complied and only then did the PCRA court issue its notice of intent to dismiss the PCRA. *See* Order and Notice of Intent to Dismiss, 5/4/2022. The court and counsel followed all proper procedure and no error was committed regarding counsel's withdrawal, this claim lacks merit.

Order affirmed. Applications for Relief denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/1/2023